**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Edgar Clifford Avery, Jr.[1]

    v.                        Civil No. 21-cv-662-JL

Ashlyn St. Germain, et al.

**Report and Recommendation**

Edgar Clifford Avery, Jr. proceeding pro, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a decision of the New Hampshire Adult Parole Board.[2] Avery filed an initial petition (doc. no. 1) and an amended petition (doc. no. 5) that are taken together as the petition in this case. The petition is referred for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**Standard of Review**

Pursuant to § 2254 Rule 4, a judge is required to examine a petition for habeas relief and, if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss

---

[1] Avery has identified himself differently in other actions he has filed. Because he includes his criminal and litigation history, it is clear that Edgar Clifford Avery, Jr. is also known as Clifford Avery, Clifford E. Avery, and Edgar Avery. See, e.g., Avery v. Rodd, 13-cv-424-SM.

[2] Avery's filing is construed as a petition under § 2254 for purposes of federal jurisdiction, although he cites N.H. R.S.A. § 531:1.

the petition." Id. "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994). The court construes [Petitioner]'s pleadings liberally, considering his pro se status. See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

## Background

Avery states in his petition that he was convicted of first degree murder on May 19, 1975, and was sentenced to a term of imprisonment of eighteen years to life. Avery was initially indicted for the murders of Lee Ann Greeley and Gary Russell, but after his conviction of the murder of Greeley, the state entered a nolle prosequi for the other indictment. State v. Avery, 126 N.H. 208, 210 (1985). His conviction was affirmed on appeal. Id. Avery moved for a new trial and for a writ of habeas corpus in state court, which were denied. Avery v. Cunningham, 131 N.H. 138 (1988).

Avery then sought a writ of habeas corpus in this court, which was denied. Avery v. Commissioner, 92-cv-262-SM (D.N.H. Dec. 14, 1993), aff'd 1994 WL 446785 (1st Cir. Aug. 18, 1994). He filed a petition for a writ of error coram nobis on June 25, 2001, which was denied. Avery v. Commissioner, 01-cv-246-SM (Nov. 2, 2001). Avery filed a petition in the District of Rhode

Island, which was denied as a second or successive petition. Avery v. Stanley, 2003 WL 22533691 (D.R.I. Oct. 23, 2003).

Avery filed another petition in this court in 2006, which was denied as untimely and a second or successive petition. Avery v. Wall, 006-cv-448-SM (D.N.H. Dec. 21, 2006). In 2008, he filed a motion to set aside the decision denying his first habeas petition, which was denied. Avery v. Commissioner, 2008 DNH 041, 2008 WL 505983 (D.N.H. Feb. 20, 2008).

In his current petition, Avery states that he had a scheduled hearing before the New Hampshire Adult Parole Board ("APB") for November 14, 2019, that was rescheduled for December 5, 2019. Before the hearing, Avery wrote to Ashlyn St. Germain, a member of the APB, asking that former chief of police in Henniker, New Hampshire, Timothy Russell, not be permitted to attend the hearing. He did not receive an answer.

Avery's case manager told him the day before the hearing that no people would be attending the hearing. Nevertheless, family members of Lee Ann Greeley and Gary Russell attended and spoke at the hearing about their views of the murders. Avery disputes the truth of their statements. When asked for his response, Avery said that he was sorry that Greeley had been killed but that he did not kill her and that the indictment pertaining to Russell's murder had been dismissed.

An issue arose during the hearing about a sexual offender treatment assessment. Avery alleges that he was told he would not have another parole hearing unless he could accept responsibility for his offense, complete a sexual offender treatment assessment, and follow any recommendations made. Parole was denied.

In his claims, Avery asserts that all of the actions of the APB are null and void because his conviction was based on a New Hampshire statute that was repealed before his conviction. He argues that first-degree murder is not and was not at the time of his conviction a crime under the law of New Hampshire. He contends that the APB conditioned a parole hearing on whether he would admit guilt to the crime of conviction, first-degree murder, in violation of the New Hampshire Constitution and the Fifth Amendment of the United States Constitution. He further argues that the defendants violated New Hampshire law, Parole Practice and Procedure rules, and the New Hampshire Constitution by allowing people other than permitted witnesses to attend his APB hearing.

## Discussion

Avery has previously filed petitions that challenged the legal basis for his conviction. To the extent Avery challenges the legal basis for his conviction in this petition, he is bringing a second or successive § 2254 petition. This court

4

lacks subject matter jurisdiction to consider a second or successive petition unless the First Circuit Court of Appeals has authorized the court to consider it.  28 U.S.C. § 2244(b)(3)(A); Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008).  Because Avery has not shown authorization, this court lacks jurisdiction to consider the claims that challenge the legal basis for his conviction.

Avery also challenges the actions of the defendants in conducting his parole hearing and in requiring him to accept responsibility for his offense before having another hearing. When a prisoner challenges a state's parole determination through a § 2254 petition, the court must focus first on whether the prisoner has alleged a claim that implicates a federal right.  Swarthout v. Cooke, 562 U.SA. 216, 221-22 (2011).

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."  Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979).  For that reason, prisoners do not have a "liberty right" to parole under federal law.  Ainsworth v. Stanley, 317 F.3d 1, 5 (1st Cir. 2002).  Under New Hampshire law parole is a privilege not a right.  Petition of Warden (State v. Roberts), 168 N.H. 9, 14 (2015); see also Ainsworth, 317 F.3d at 5.  For that reason, New Hampshire prisoners have no liberty interest in parole, and the

denial of parole before the expiration of the prisoner's full sentence does not implicate the prisoner's due process rights. Stow v. Warden, 21-cv-156-JL, 2021 WL 2651985, at *2 (D.N.H. June 15, 2021); Higgins v. Blaisdell, 2012 WL 2523404, at *6 (D.N.H. Feb. 1, 2012).

Avery primarily challenges the parole decision based on asserted violations of state law and rules. He also argues that the requirement that he accept responsibility for his offense violates the Fifth Amendment's protection against self incrimination. He is mistaken. Because he has been convicted of first-degree murder, he has not shown that a requirement that he accept responsibility for that murder does not violate his Fifth Amendment rights.

In addition, there is a one-year limitation period for bringing petitions under § 2254. 28 U.S.C. § 2244(d)(1). The time expired long ago for Avery to challenge his conviction. The parole decision was issued on December 5, 2019, which is more than a year before he filed the petition in this case. Further, Avery does not show that he exhausted state remedies with respect to the APB decision. See 28 U.S.C. § 2254(b); see also Chase v. Walker, 12-58-M, 11-483-M, 2012 WL 3776344, at *4 (D.R.I. July 31, 2012).

Because of these deficiencies, Avery does not state a viable claim for relief under § 2254.

## Conclusion

For the foregoing reasons, the district court judge should dismiss the petitions for a writ of habeas corpus (documents nos. 1 and 5) on preliminary review pursuant to § 2254 Rule 4.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Natl Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

July 11, 2022

cc: Edgar Clifford Avery, Jr., pro se